**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**Erin M. Burris**, OSB No. 155379
erin.burris@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

    Attorneys for Defendants
    University of Portland and Megan Burton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RYANN GREGG,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PORTLAND; MEGAN BURTON; and JANE DOE,<br><br>    Defendants. | CV No. 3:22-cv-01680-JR<br><br>DEFENDANT UNIVERSITY OF PORTLAND'S UNOPPOSED MOTION TO UNSEAL FINDINGS AND RECOMMENDATION OF MARCH 16, 2023 |

### LR 7-1 CERTIFICATION

The undersigned certifies that plaintiff has agreed not to oppose this motion.

Page 1 -  Defendant University of Portland's Unopposed Motion to Unseal Findings and Recommendation of March 16, 2023

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

## MOTION

Defendant University of Portland (the "University") moves the Court for an order to unseal, or unseal with some redaction, the findings and recommendation of March 16, 2023.

## BACKGROUND AND AUTHORITIES

This Court obtained jurisdiction of this case on November 1, 2022, when defendants removed plaintiff's lawsuit from Multnomah County Circuit Court. [ECF 1.] Plaintiff filed a second amended complaint on December 2, 2022. [ECF 8.] On December 21, 2022, the Court entered a stipulated protective order. [ECF 14.] On December 23, 2022, the University and Megan Burton filed Defendant University of Portland's Motion to Dismiss and Defendant Megan Burton's Special Anti-SLAPP Motion to Strike. [ECF 16.] Although the second amended complaint did not include personally identifiable information concerning defendant Jane Doe [ECF 1], because the Anti-SLAPP motion necessarily included factual information that did have personally identifiable information concerning another party, the briefing and supporting material was filed under seal by both parties.[1]

On March 16, 2023, the Court entered findings and recommendation to dismiss the complaint. [ECF 34.] The Court filed the order under seal. The findings and recommendation contain only information from the second amended complaint that does not have personally identifiable confidential information of the non-party.

Judicial records are subject to a general presumption in favor of access, and dispositive determinations fall within the presumption subject to compelling reasons to override it. *Cahill v. Nike, Inc.*, Civ. No. 3:18-cv-01477-JR, 2022 WL 4667364 (D. Or. Sept. 30, 2022) (*citing Nixon*

---

[1] Plaintiff voluntarily dismissed defendant Jane Doe on December 19, 2022, [ECF 13.]

Page 2 -   Defendant University of Portland's Unopposed Motion to Unseal Findings and Recommendation of March 16, 2023

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

*v. Warner Commc'ns, Inc.*, 435 US 589, 597 (1978) and *State Farm Mut. Auto. Ins. Co.*, 331 F3d 1122, 1135 (9th Cir 2003); *see also In re Midland Natl'l Life Ins. Co. Annuity Sales Practice Litig.*, 686 F3d 1115, 1119 (9th Circ. 2012) (per curiam) (noting more lenient standard for matters that are not dispositive).) The court may order a sealed document be unsealed when it assesses that a document that is under seal for precautionary reasons can reasonably be unsealed. *See L.O.K. by and through Kelsey v. Greater Albany Pub. Sch. Dist. 8J*, Civ. No. 6:20-cv-00529-AA, 2022 WL 2341855 at *17 (D. Or. June 28, 2022) Further, litigants and future litigants may find decisional law helpful to assessment of and litigating disputes in the future. The University believes that would be the case here given the thorough discussion of legal standards as applied to the complaint. As a result, the University believes it is proper to unseal the findings and recommendation and, as indicated, plaintiff does not oppose the motion. Alternatively, the Court could redact some material that the Court may view as being more confidential than the bulk of the deidentified information set forth in the complaint and second amended complaint. Specifically, on page 2, from the word "During" in the first paragraph through "those statements" on the second line of the top of page 3 may be consistent with the issues that prompted the protective order despite being part of the second amended complaint.

      Ultimately, the findings and recommendation, which were followed by a dismissal, complete the record, and given the public and future litigant interest in decisional law, the University respectfully brings this motion.

/ / /

/ / /

/ / /

Page 3 -    Defendant University of Portland's Unopposed Motion to Unseal Findings and Recommendation of March 16, 2023

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

## CONCLUSION

For these reasons, the Court should grant this motion and have the order filed unsealed or with modest redactions.

DATED this 16th day of May, 2023.

MILLER NASH LLP

s/*Michael Porter*
Michael Porter, P.C.—Trial Attorney
OSB No. 003560
mike.porter@millernash.com
Erin M. Burris, OSB No. 155379
erin.burris@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendants University of Portland and Megan Burton*

4883-5969-9043.1

Page 4 -   Defendant University of Portland's Unopposed Motion to Unseal Findings and Recommendation of March 16, 2023

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204